Michael I. Katz (SBN 181728)
  *mkatz@mabr.com*
MASCHOFF BRENNAN
20 Pacifica, Suite 1130
Irvine, California 92618
Telephone: (949) 202-1900
Facsimile: (949) 453-1104

Kenton M. Walker (*pro hac vice application pending*)
  *kwalker@mabr.com*
Daniel R. Barber (*pro hac vice application pending*)
  *dbarber@mabr.com*
MASCHOFF BRENNAN
1389 Center Dr., #300
Park City, Utah 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361

Attorneys for Plaintiff WHYNOTAPPAREL, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHYNOTAPPAREL, LLC,<br><br>          Plaintiff,<br><br>    vs.<br><br>NIKE, INC.,<br><br>          Defendant. | Case No.  2:17-cv-7678<br><br>**COMPLAINT FOR TRADEMARK INFRINGMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff WHYNOTAPPAREL, LLC brings this suit for trademark infringement (15 U.S.C. §1114), federal unfair competition (15 U.S.C. §1125), and unfair competition under Section 17200 of the California Business & Professions Code, against Nike, Inc. and alleges as follows:

### The Parties

1. Plaintiff WHYNOTAPPAREL, LLC ("WHYNOTAPPAREL") is a limited liability company organized and existing under the laws of the State of Florida and has its principal place of business in Glen Allen, Virginia.

2. Upon information and belief, Nike, Inc. ("Nike") is a corporation organized and existing under the laws of the State of Oregon and has its principal place of business in Beaverton, Oregon.

### Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this action under one or more of the following statues: 15 U.S.C. §1121, 28 U.S.C. §1331; 28 U.S.C. §1332(a)(2); 28 U.S.C. §1338(a); and 28 U.S.C. §1367(a).

4. This Court has personal jurisdiction over the Defendant. On information and belief, Defendant advertises and transacts business throughout the United States, including the state of California, and specifically in the Central District of California. Defendant has purposely availed itself of doing business in the Central District of California by, *inter alia*, advertising and transacting business within the district. The Defendant has also engaged in acts of trademark infringement and unfair competition within the State of California, including within the Central District of California, and have cause injury to WHYNOTAPPAREL in this district as a result. Because of Defendant's actions within this district, the Defendant has sufficient contacts such that the exercise of jurisdiction over the Defendant by this Court does not offend traditional notions of fair play and substantial justice.

5. Venue in this district is proper under 28 U.S.C. §1391 and as a substantial part of the events or omissions giving rise to the claims occurred in this district, and

1  because the damages suffered by WHYNOTAPPAREL were suffered, at least in part,
2  within this district.

### Factual Allegations

4  6. WHYNOTAPPAREL is the owner of the valid registered trademark issued
5  by the United States Patent and Trademark office for:

*whynot?*  U.S. Trademark Reg. No. 4,561,023

11  7. The '023 Registration covers a broad range of apparel in International Class
12  25, including athletic apparel, namely, shirts, pants, jackets, hats and caps. The '023
13  Registration has a priority date of September 14, 2013.
14  8. WHYNOTAPPAREL is the owner of a pending trademark application
15  before the United States Patent and Trademark office for:

WHYNOT?  U.S. Serial No. 87,573,512

21  9. The '512 application also covers a broad range of apparel in International
22  Classes 14, 18, 21, 25, including, clothing, namely, shirts, sweatshirts, pants, sweatpants,
23  jackets, hats, caps, visors, athletic apparel, namely, shirts; koozies; and bracelets, among
24  others.
25  10. Attached as Exhibit A is the certificate of registration for the '023
26  WHYNOT? mark.
27  11. WHYNOTAPPAREL has invested a significant amount of time and money
28  in marketing goods under the WHYNOT? marks, and as such the WHYNOT? marks are

1 extremely valuable to WHYNOTAPPAREL.

2   12.   WHYNOTAPPAREL is informed and believes and thereon alleges that beginning in at least April of 2017, Defendant Nike has used and continues using WHYNOTAPPAREL's WHYNOT? marks to advertise, market and sell athletic apparel, namely, shirts and sweatshirts, without authorization from WHYNOTAPPAREL.

3   13.   Attached as Exhibit B are true and correct copies of printouts from Defendant's website that depict Defendant's unauthorized use of the WHYNOT? marks affixed to merchandise offered for sale by the Defendant.

4   14.   Defendant uses WHYNOTAPPAREL's WHYNOT? marks to advertise, market and sell products through outlets other than the internet, such as, for example, in Nike's brick and mortar stores.

5   15.   Nike's use of the WHYNOT? marks in connection with the advertisement and sale of goods and or services, which are competitive and related to WHYNOTAPPAREL's goods and or services advertised and sold under the WHYNOT? marks, as identified in the '023 Registration.

6   16.   Nike's use of the WHYNOT? marks is identical to WHYNOTAPPAREL's '023 Registration in sound, appearance, and meaning.

7   17.   WHYNOTAPPAREL is informed and believes and thereon alleges that Nike's unauthorized use of the WHYNOT? marks has caused, and or is likely to cause confusion, or to cause mistake, or to deceive consumers.

8   18.   Nike's unauthorized use of the WHYNOT? marks trades on the goodwill associated with WHYNOTAPPAREL's WHYNOT? marks.

9   19.   WHYNOTAPPAREL contacted Nike on June 27, 2017 regarding the unauthorized use of its WHYNOT? Mark.

10   20.   On September 5, 2017, WHYNOTAPPAREL sent Nike a letter requesting that Nike cease and desist from any and all use of the WHYNOT? marks by September 15, 2017.

11   21.   On September 15, 2017 Nike responded to the WHYNOT APPAREL letter

indicating that Nike would continue to use the WHYNOT? marks.

22. Because Nike has continued to use the WHYNOT? marks, WHYNOTAPPAREL brings this suit to protect its valuable trademark rights and seek recovery for their violation.

## First Cause of Action

### (Federal Trademark Infringement – 15 U.S.C. §1114)

23. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is the owner of the WHYNOT? marks, including the '023 Registration and '512 Application.

25. Defendant is using the WHYNOT? marks, and or a confusingly similar mark, in connection with the advertising, marketing and sale of its products and services without Plaintiff's consent, and with knowledge of Plaintiff's rights in the WHYNOT? marks.

26. Defendant's use of the WHYNOT? marks is identical to Plaintiff's WHYNOT? marks, as found in the '023 Registration and '512 Application, in sound, appearance, and meaning.

27. Defendant's uses the WHYNOT? marks in connection with goods and or services is competitive and related to Plaintiff's goods and or services sold under the WHYNOT? marks, as identified in the '023 Registration and '512 Application.

28. Defendant's unauthorized use of Plaintiff's WHYNOT? marks, and or confusingly similar mark, has caused, or is likely to cause confusion, mistake, and deception in violation of the Lanham Act 15 U.S.C. §1114.

29. The actions of the Defendant described herein constitute infringement of Plaintiff's registered mark in violation of the Lanham Act, 15 U.S.C. §1114.

30. Defendant's unauthorized use of the WHYNOT? marks, or confusingly similar marks, in connection with the sale and advertising of goods and services deprives Plaintiff the ability to control the goodwill and reputation that Plaintiff has built in the WHYNOT? marks.

31. Unless restrained, Defendant's use of the WHYNOT? marks will continue to injure plaintiff, causing damage to Plaintiff in an amount to be determined at trial. Defendant's actions are causing and will cause irreparable injury to Plaintiff's good will and reputation associated with the value of the Plaintiff's WHYNOT? marks.

32. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has been damaged within the meaning of 15 U.S.C. §1114.

33. Defendant's use of the WHYNOT? marks was done willfully, and with knowledge that such use would or was likely to cause confusion, mistake or deceive others in blatant disregard for Plaintiff's rights.

## Second Cause of Action

**(False Designation of Origin / False or Misleading Advertising / Unfair Competition – 15 U.S.C. §1125 *et seq.*)**

34. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 - 33 as though fully set forth herein.

35. Plaintiff is the owner of common law rights in the WHYNOT? marks.

36. Defendant is using the WHYNOT? marks, and or a confusingly similar mark, in connection with the advertising, marketing and sale of its products and services without Plaintiff's consent, and with knowledge of Plaintiff's rights in the WHYNOT? marks.

37. Defendant's use of the WHYNOT? marks is identical to Plaintiff's WHYNOT? marks, in sound, appearance, and meaning.

38. Defendant uses the WHYNOT? marks in connection with goods and or services is competitive and related to Plaintiff's goods and or services sold under the WHYNOT? marks.

39. Defendant's unauthorized use of Plaintiff's WHYNOT? marks, and or confusingly similar marks, and/or Defendant's false designations of origin have caused, or are likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendant with the Plaintiff and/or as to the origin, sponsorship or approval of Defendant's goods or services, or commercial activities.

40. Defendant has unfairly competed with and injured Plaintiff, and unless restrained, will continue to injure plaintiff, causing damage to Plaintiff in an amount to be determined at trial. Defendant's actions are causing and will cause irreparable injury to Plaintiff's good will and reputation associated with the value of the Plaintiff's WHYNOT? marks.

41. Defendant's unauthorized use of the WHYNOT? marks, or confusingly similar marks, in connection with the sale and advertising of goods and services deprives Plaintiff the ability to control the goodwill and reputation that Plaintiff has built in the WHYNOT? marks.

42. The actions of the Defendant described herein constitute infringement of the Lanham Act, 15 U.S.C. §1125, and based thereon, Plaintiff is entitled to injunctive relief, including but not limited to preliminary relief, as well as monetary damages and other remedies including Defendant's profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## Third Cause of Action

**(Unlawful, Unfair, Fraudulent Business Practices – Statutory Cal. Bus. & Prof. Code § 17200 *et seq.*)**

43. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 42 as though fully set forth herein.

44. Section 17200 of the California Business & Professions Code ("California Unfair Competition Law") prohibits any "unlawful," "unfair," and "fraudulent" business practice.

45. Plaintiff has trademark rights throughout the entire United States and California in the WHYNOT? marks, including the '023 Registration and '512 Application.

46. Defendant has violated the California Unfair Competition Laws prohibition against unfair business practices by using Plaintiff's WHYNOT? marks without the authorization of the plaintiff. Defendant's marketing, advertising, promoting, selling and or unauthorized use of Plaintiff's WHYNOT? marks is in violation of Plaintiff's rights,

1  and is likely to cause confusion, mistake and deception among consumers and the public
2  as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing
3  loss, damage and injury to Plaintiff, and to the purchasing public. Defendant's unauthorized
4  use of Plaintiff's WHYNOT? marks was intended to, and did and will induce customers to
5  purchase their products by trading off the extensive goodwill built up by Plaintiff in the
6  WHYNOT? marks.

7      47.    Defendant's wrongful conduct, as alleged above, has permitted and will
8  permit them to make substantial sales and profits through use of Plaintiff's WHYNOT?
9  marks. As a direct and proximate result, Plaintiff has suffered and continues to suffer
10 monetary damage from lost profits and lost business opportunities, and irreparable injury
11 to its business reputation and goodwill in an amount to be determined at trial. Plaintiff
12 seeks restitution in this matter, including an order granting Defendant's profits stemming
13 from their infringing activity, to recover sales from the Defendant's unauthorized and
14 infringing use of Plaintiff's WHYNOT? marks.

15     48.    By reason of the foregoing infringement, Plaintiff is entitled to restitution
16 from Defendant in an amount to be determined at trial, as authorized by California Business
17 & Professions Code Section 17203, for violations of California Business & Professions
18 Code Section 17200 *et seq*.

**Fourth Cause of Action**

**(Trademark Infringement – California Common Law)**

21     49.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1
22 through 48 as though fully set forth herein.

23     50.    Plaintiff is the owner of the common law rights in the WHYNOT? marks.

24     51.    Defendant is using the WHYNOT? marks, and or a confusingly similar mark,
25 in connection with the advertising, marketing and sale of its products and services without
26 Plaintiff's consent, and with knowledge of Plaintiff's rights in the WHYNOT? marks.

27     52.    Defendant's use of the WHYNOT? marks is identical to Plaintiff's
28 WHYNOT? marks in sound, appearance, and meaning.

53. Defendant uses the WHYNOT? marks in connection with goods and or services is competitive and related to Plaintiff's goods and or services sold under the WHYNOT? marks.

54. Defendant's unauthorized use of Plaintiff's WHYNOT? marks, and or confusingly similar marks, has caused, or is likely to cause confusion, mistake, and deception as to the source of the goods or services.

55. Defendant's unauthorized use of the WHYNOT? marks, or confusingly similar marks, in connection with the sale and advertising of goods and services deprived and continues to deprive Plaintiff the ability to control the goodwill and reputation that Plaintiff has built in the WHYNOT? marks.

56. Unless restrained, Defendant's use of the WHYNOT? marks will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial. Defendant's actions are causing and will cause irreparable injury to Plaintiff's good will and reputation associated with the value of the Plaintiff's WHYNOT? marks.

57. Defendant's use of the WHYNOT? marks was done willfully, and with knowledge that such use would or was likely to cause confusion, mistake or deceive others in blatant disregard for Plaintiff's rights.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. The Defendant and their agents, officers, employees, representatives, successors, assigns, attorneys and all other person acting for, with, by, through or under their authority from Defendant, and each of them, be preliminarily and permanently enjoined from:

    a. Using Plaintiff's trademarks, or any colorable imitation thereof;

    b. Using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiff's trademarks, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products or their connectedness to Defendant.

2. The Defendant be required to file with the Court and serve on Plaintiff within §thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

3. That, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein, up to and including three times the sum of actual damages, and pre-judgment and post-judgment interest on all amounts;

4. That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to Plaintiff for any and all profits derived by it from its illegal acts complained of herein;

5. That Defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing a trademark found to infringe on Plaintiff's trademark rights, as well as all plates, molds, dies, matrices, masters, and other means of making the same;

6. For damages according to proof, and to the extent permitted by law;

7. That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1117;

8. That the Court grant Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under any state law;

9. For restitution, preliminary and permanent injunctive relief, under California Business & Professions Code § 17200 et seq.; and

10. For such other and further relief as the Court deems just and proper.

DATED: October 20, 2017,

By: */s/ Michael I. Katz*
Michael I. Katz
Attorneys for WHYNOTAPPAREL, LLC

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial as to all issues that are so triable.

DATED: October 20, 2017,

> By: */s/ Michael I. Katz*
> Michael I. Katz
> Attorneys for WHYNOTAPPAREL, LLC

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# whynot?

| | |
|---|---|
| **Reg. No. 4,561,023** | WHYNOTAPPAREL (FLORIDA LIMITED LIABILITY COMPANY), FORMERLY OPENMINZ, LLC, |
| **Registered July 1, 2014** | 2765 VIA CIPIRANI ST, 1221B |
| **Int. Cls.: 21, 25, and 35** | CLEARWATER, FL 33764 |
| | FOR: MUGS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50). |
| **TRADEMARK** | FIRST USE 9-14-2013; IN COMMERCE 9-14-2013. |
| **SERVICE MARK** | FOR: ATHLETIC APPAREL, NAMELY, SHIRTS, PANTS, JACKETS, FOOTWEAR, HATS AND CAPS, ATHLETIC UNIFORMS, IN CLASS 25 (U.S. CLS. 22 AND 39). |
| **PRINCIPAL REGISTER** | FIRST USE 9-14-2013; IN COMMERCE 9-14-2013. |
| | FOR: PROMOTING THE SALE OF GOODS AND SERVICES OF OTHERS BY REDEEMABLE TOKENS; PROVIDING A WEBSITE FEATURING AN ONLINE MARKETPLACE FOR EXCHANGING GOODS AND SERVICES WITH OTHER USERS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102). |
| | FIRST USE 9-14-2013; IN COMMERCE 9-14-2013. |
| | THE MARK CONSISTS OF THE STYLIZED WORDING "WHYNOT?" IN BLACK AND WHITE. |
| | THE COLOR(S) BLACK AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK. |
| | SN 85-821,260, FILED 1-11-2013. |
| | MAYUR VAGHANI, EXAMINING ATTORNEY |

**Deputy Director of the United States Patent and Trademark Office**

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

*First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

*Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
*See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

Page: 2 / RN # 4,561,023

# EXHIBIT B



### RUSSELL WESTBROOK COLLECTION (13)

Sort By:
Newest
Highest Rated
Price: $$-$
Price: $-$$



1 Color
Jordan Westbrook "Why Not 0?"
Men's T-Shirt
$35  $29.97



‹
2 Colors
(6)
Jordan Westbrook "Why Not?"
Men's T-Shirt
 $35



‹



‹
2 Colors
Jordan Westbrook "Why Not?"
Men's T-Shirt
 $35



1 Color
(8)
Jordan Westbrook 0.2
Men's Shoe
$140  $99.97





> 
4 Colors
(8)
Jordan Hydro 6
Men's Slide
 $50



1 Color
(4)
Jordan Westbrook "Why Not?"
Men's Pullover Hoodie
$65  $54.97

Exhibit B, Page 18